By the Court. Emmet, J.
The clear justice of this case is with the plaintiff, and we should have regretted had we been forced, upon technical grounds, to disturb the verdict; but we are entirely satisfied that the objections that have been urged, have as little support from authority, as from reason.
*399 The sale to the witness, Benjamin, did not divest the title of the plaintiff, so as to deprive him of the right, as owner, to maintain this action. There was no actual or constructive delivery of the possession of the iron, for the evidence shows that nearly all of it had been removed before Benjamin presented the order which the plaintiff had given him, and, until this order was delivered and executed, it was certainly not the intention of the parties that the sale should be consummated. It was certainly not their intention that Benjamin should be bound by the contract, unless the order should be complied with. It is true that, in many cases, a contract for the sale of goods, operates, without an actual delivery, as an immediate transfer of the title and of the possession, but it will be found upon examination, that all these are cases in which the actual possession, which, by construction of law, vested in the purchaser, remained, with his consent, in the vendor or his agents,—they have, therefore, no application to the case before us. Here the iron was the sole property of the plaintiff1 when the defendants began to take it away, and it was to him alone that they could be responsible for their wrongful acts.
That the conduct of the defendants in removing the iron at the time, and in the manner they did, was wrongful, and rendered them liable as trespassers, we cannot doubt. The ordinance of the corporation under which the defendant, White, as superintendent of the streets, professed to act, allows to the owner of any article or thing which, as an encumbrance or obstruction, is ordered to be removed, twenty-four hours after the order is given for making the removal; and, until this time has elapsed, and the removal has not been made, the superintendent has no further power to act. Until then, his removal of the property is unauthorized and illegal. There is no evidence before us that any other order was given by the defendants than that contained in the written notice posted up on the wharf, and bearing date on the 2d September, and admitting this notice to be equivalent to the order which the ordinance requires, (which may well be doubted,) by its fair construction, it gave to the owner of the iron the whole of the next day to make the removal; on the morning, however, of the next day, the defendants began the removal, and completed *400 it early in the afternoon, and, by thus acting, they violated the terms of their own order, an d lost wholly the protection of the ordinance, which, they professed to execute.
The defendants cannot be excused on the ground that the iron, as an obstruction on the wharf, was a public nuisance, which, as private citizens, they had a right to remove, and we think the Chief Justice was entirely right in excluding this defence. They were acting, not as private citizens, but as public officers, and, as such, they were bound to act in conformity to the terms of the ordinance of the corporation, and of the notice which they had given. Every unnecessary obstruction on a public wharf is a nuisance, and it is only upon the ground that it is so, that its removal can justly be ordered ; but it is not to be supposed that, when the superintendent of the streets has made an order for the removal of the property within a limited time, not less than that allowed by the ordinance, he can ship him sell of his official character, and at once abate the nuisance, as a private citizen. Such a constructian would make the ordinance a dead letter, and an order given in pursuance of it a trap and a fraud.
. It was also justly observed by the counsel for the plaintiff that, admitting that the iron in its actual situation was a nuisance, which, as such, the defendants might have been justified in removing, they certainly had no right to transport the property to the public yard, and exact from the plaintiff the payment of heavy charges, as the condition of its restoration. We agree with the counsel, that these acts were plainly unauthorized, and had the mere removal been lawful, would have sufficed to render the defendants liable as trespassers, ah initio.
The jury have given to the plaintiff little more than the amount, with interest, that he was compelled to pay; and these, we think, are the least damages that the plaintiff was entitled to recover. The motion for a new trial is denied, with costs, and judgment must be entered for the plaintiff upon the verdict.